> The Court shall hold a pre-motion conference to address Plaintiff's anticipated motion to vacate the Stipulation "So Ordered" by Judge Castel on April 27, 2020 (Doc. 33).
>
> The conference shall be held by telephone on April 20, 2021 at 10:00 a.m. At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code: 3456831.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 79.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> March 16, 2021

March 09, 2021

et al, Case #: 7:20-cv-00556 (PMH).
on To Vacate Stipulation For The Protection And
uments.

Pursuant to Rule 2.C of Your Honor's Individual Practices for Civil Cases, I write as the Plaintiff to respectfully submit this request, for permission to file a Motion to Vacate the "Stipulation For The Protection and Exchange of Confidential Information and Documents"("Stipulation") ECF No 33,(*see* Ex. A). I respectfully request Your Honor to waive the pre-motion conference as I am *Pro Se.* As represented in accompanying certification, (*see* Ex. B), I have met and conferred in a good faith attempt to resolve the parties' disputes but the issues remain unresolved,(*see* Ex.C-K).

I.  **Stipulation Issues and Implications:**

**A. Plaintiff Was Induced to Enter Into The Stipulation:** Defendants crafted this excessively broad blanket protective order ("BPO") in its entirety for their benefit, which functions like an Umbrella Protective Order. As emails between Plaintiff's former counsel Cole Schotz and counsel for Defendants evidence, there was no real negotiation and the Stipulation that was drafted in its entirety by defendants/Jackson Lewis was accepted by Cole Schotz without making virtually any changes, and then I was induced, mislead and misrepresented into entering it, by the law firm representing me by presenting the Stipulation as; "*extremely standard and boilerplate,*"

1

Hon. Philip M. Halpern
March 9, 2021

and required for my case by the Court**.** I have since learned that the Stipulation is not standard at all but custom created in violation of FRCP Rule 26 (c), a voluntary agreement, and not required by the Court for my case. There are no trade secrets, confidential research, development or commercial information, in this lawsuit for either party. I anticipate that defendants will claim that the Stipulation is necessary to protect business, personal or confidential patient information, but that is not the case. Patient confidentiality requirements are met by redaction FRCP 5.2, pursuant to the S.D.N.Y. Electronic Case Filling Rules & Instructions, as I have done in my production and do not require a Stipulation.

**B. Stipulation Violates FRCP Rule 26 (c):** There are multiple problematic aspects of the Stipulation including paragraphs: 1, 2, 3, 5, 6, 7, 8, 9, 11, and 15. Paragraph 1 gives defendants the ability to "..designate as Confidential Matter any information", which then prevents Plaintiff from public filing and sharing, rights protected by FRCP 1 and 1st Amendment. *See id*. ¶¶2, 5 -7, and 15. It also prevents Plaintiff from using confidential documents or deposition testimony in multiple other lawsuits currently pending against defendants or sharing documents with plaintiffs in those actions, *see id*. ¶2. Challenging designations is burdensome with a 14-day wait, and provides only the designating party to take the dispute to the Court, with no time line, *see id* ¶8. It also prevents *public filing of documents* by Plaintiff in motions and a 14 day wait prior to filing which is burdensome in the absence of good cause and overdesignation abuse, *see id*. ¶9.

**C. Overdesignation And Over Categorization, And Abuse by Defendants:** The inappropriate nature of this Stipulation has already become clear, as Defendants have used the confidentiality claim like a rubber stamp and have declared *every* document produced (*see* Ex. L) as confidential *none* of which are documents that can be declared as confidential per Rule 26(c). Many are publicly available documents that are online on defendant's website-policy & procedure manuals

2

others widely disseminated, in addition to publicly filed exhibits attached with the amended complaint, which are clearly not trade secrets or other documents warranting confidentiality.

## II. LEGAL STANDARD: Current Lawsuit Does Not Warrant a Stipulation

**A. Stipulation Violates FRCP Rule 26 (c), FRCP Rule 1, FRCP 5(d) and Local Rule SDNY 5.1:** "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way;" FRCP 26(c)(1)(G). "In order to show that certain designated information should be protected under Rule 26(c) this court requires the party seeking such a protective order to show:(1) that the information rises to the level of a trade secret, and (2) that there is good cause to protect the information, Fed. R. Civ. P. 26(c)." *See Turick ex rel. Turick v Yamaha Motor Corp.*, 121 FRD 32, 35 [S.D.N.Y. 1988].

**B. Stipulation Violates FRCP Rule 26(c):** Permitting the parties in a case "to adjudicate their own case based upon their own self-interest" by designating anything they wish to keep secret as Confidential Information violates both the spirit and the letter of Rule 26(c). *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (requiring vacature of protective order which "allows the parties to control public access to court papers"). Yet, such a result is exactly what defendants have sought here. The Stipulation also violates FRCP Rules 1 and 5(d) in addition to FRCP Rule 26(c) all of which counsel in favor of the statutory right of access to discovery materials in the Second Circuit.

**C. Defendants Cannot Establish "*Good Cause*":** "A protective order granted on the basis of a stipulation by the parties carries less weight than a protective order granted after a hearing to show good cause". *See In re (EPDM) Antitrust Litigation*, 255 F.R.D. 308, 321 (D. Conn. 2009).

Hon. Philip M. Halpern
March 9, 2021

"*Stipulation contains no statement or demonstration* of "good cause" whatsoever by defendants therefore it does not meet the standard and has to be vacated, as the Federal Rules require proper showing of good cause by the party seeking protection. BPO is not permitted under Rule 26(c). "A blanket order in the absence of any specific showing of privilege, trade secret material, or the like is not authorized by the rules." See <u>United States v. Hooker Chemicals & Plastics Corp.</u>, 90 F.R.D. 421,424 (W.D.N.Y. 1981)."The Stipulated Protective Order not only asked the Court to defer to the parties' judgment on confidentiality but it also allowed for unilateral designation of an exhibit as protected material, and it did not list specific documents, or delineate the kinds of documents, contemplated for protection. Defendants were never required to show good cause for sealing the various documents." See <u>Fournier v. Erickson</u>, 242 F. Supp. 2d 318, 341 (S.D.N.Y. 2003). "Accordingly the Court will vacate the Stipulated Protective Order."  See *id.* at 342.

**D. Presumption in Favor to Public Access To Discovery Materials In The 2nd Circuit:** "The mere fact that information is subject to a confidentiality agreement between litigants, however, is not a valid basis to overcome the presumption in favor of public access to judicial documents." *See* <u>In re Gen. Motors LLC Ignition Switch Litig.</u>, 14-MD-2543 (JMF), at *8 (S.D.N.Y. Aug. 11, 2015). "Indeed, the Supreme Court has noted that parties have general first amendment freedoms with regard to information gained through discovery and that, absent a valid court order to the contrary, they are entitled to disseminate the information as they see fit.  See <u>Seattle Times Co. v. Rhinehart</u>, 467 U.S. 20, 31-36, 104 S. Ct. 2199, 2206-09, 81 L.Ed.2d 17 (1984)." <u>Public Citizen v. Liggett Group, Inc.,</u> 858 F.2d 775, 780 (1st Cir. 1988).

**E. The First Amendment and Federal Statutory Rights Are Offended By Protective Orders Granted Without Good Cause/Stipulation Violates First Amendment And Common Law:**

A protective order which is issued *in the absence of good cause* necessarily violates the First

4

Amendment. Both the First Amendment and the common law provide the public a right to access court records. *See* <u>Lugosch v. Pyramid Co. of Onondaga</u>, 435 F.3d 110, 119-20 (2d Cir.2006). Public must have "confidence in the administration of justice."  *See* <u>Lugosch</u>, 435 F.3d at 119.

**F. The Public's Interest In Access to Court Records Is Strongest When the Record Concern Public Health And Safety:** Under rights protected by the 1st Amendment, "The public has a strong interest in obtaining the information contained in the court record. The subject of this litigation potentially involves the health of citizens who have an interest in knowing" *See* <u>Brown Williamson Tobacco Corp. v. F.T.C</u>, 710 F.2d 1165, 1180 (6th Cir. 1983).

**Conclusion:** This is a whistleblower case, which will undoubtedly involve the exchange of information that is relevant to the Government and the Public, while defendants would like to keep this information confidential, there is a strong interest in the public having access to this information–The Stipulation allows Defendants to designate this information as confidential—even where it is otherwise publicly available—thereby preventing Plaintiff from taking the discovery that would expose the below standard of care, unsafe medial practices, Medicare and Medicaid fraud and other potentially harmful practices by defendants to the <u>*Government,* Public Health Bodies,</u> other litigants or to the public. Here, no Stipulation is necessary, and its continuance would not only burden plaintiffs' ability to prepare the case, i.e. it was designed to delay, prevent public filing, deter from filing, but will also significantly constrict the information about this trial available to the press and public. For the reasons stated above, I respectfully request Your Honor permission to Move to Vacate this Stipulation/Blanket Protective Order.

Respectfully Submitted,
Tahira F. Mirza, MD, Plaintiff Pro Se
/s/Tahira F. Mirza
221 Trumbull Street, #2201
Hartford, CT, 06013.Tel: 217-494-7801
email: tahirafmirza@yahoo.com

Attachments Exhibits: A-L