JacksonLewis

Jackson Lewis P.C.
44 South Broadway, 14th Floor

This letter, opposition to Plaintiff's request for a pre-motion conference (Doc. 83), was filed improperly as a letter motion.

The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 85.

SO ORDERED.

Philip M. Halpern
United States District Judge

Dated: White Plains, New York
April 20, 2021

April 19, 2021

***VIA ECF***
Hon. Philip M. Halpern, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 11201

**Re: Mirza v. Orange Regional Medical Cent**
**Case No. 7:20-cv 00556(PMH)**

Dear Judge Halpern,

As Counsel for Defendants Garnet Health, Garnet Health Doctors, P.C., Garnet Health Medical Center and Dr. James Oxley (collectively "Defendants"), we are writing in response to Plaintiff's letter dated April 13, 2021 requesting a pre-motion conference to address Defendants' alleged failure to meet their discovery obligations ("April 13, 2021 Letter"). Defendants respectfully request that Your Honor deny Plaintiff's request because Defendants have satisfied all their discovery obligations.

## I. BACKGROUND.

On May 8, 2020, Defendants served Defendants' Discovery Protocol Responses on Plaintiff's former counsel Cole Schotz, P.C. ("Cole Schotz"). Defendants produced two-hundred and forty-seven documents along with their Protocol Responses. Plaintiff changed counsel to The Law Office of Thomas Ling on May 22, 2020. On June 26, 2020, Attorney Ling withdrew the document requests and interrogatories that Cole Schotz served and served an Amended First Document Request. On August 10, 2020, shortly before discovery responses were due to be served, Attorney Ling sent an e-mail stating he was sending a notice that Plaintiff was "going to

challenge to overturn the parties' So Ordered Stipulation for the Protection and Exchange of Confidential Information and Documents (the "Stipulation"). Defendants contacted Attorney Ling several times to discuss this notice, but he did not respond. On August 14, 2020, Defendants served Objections and Responses to Plaintiff's First Amended Request for the Production of Documents. Defendants and Attorney Ling agreed that the parties would not exchange documents until they discussed the Stipulation. Defendants also advised Attorney Ling that Defendants were willing to meet and confer regarding appropriate parties and search terms for e-mail messages and other electronically stored information. Defendants never received a response from Attorney Ling before Plaintiff informed the Court that he was no longer representing her. Although the issue regarding the Stipulation had not been resolved, to move discovery forward, Defendants served the accompanying documents (310 pages) in late October 2020.

On December 21, 2021, Your Honor advised that Plaintiff, should she deem it advisable, could serve additional demands for discovery and provided a clear directive that discovery would close on April 20, 2021. Plaintiff did not serve additional demands until three months later. Plaintiff served (a) Plaintiff's Second Request for Production of Documents on March 15, 2021 at approximately 11:57 p.m., (b) Plaintiff' Revised First Set of Interrogatories on March 15, 2021 at approximately 11:59 p.m., (c) Plaintiff's Third Request for Production of Documents on March 16, 2021 at approximately 11:59 p.m., and (b) Plaintiff's Fourth Request for Production of Documents on March 17, 2021 at approximately 11:59 p.m. In total, Plaintiff served 107 individual requests for document production and 25 interrogatories. A significant number of Plaintiff's discovery requests are irrelevant and unduly burdensome.

Plaintiff's April 13 Letter is premature and misrepresents the communications between the parties. We had a telephone conference with Plaintiff on April 8. During this call,

we advised Plaintiff that we were diligently reviewing a voluminous amount of electronically stored information and that we would supplement our responses to her request as soon as possible before April 20, 2021. Defendants diligently reviewed over 2,000 individual electronically stored documents, many of which are multiple pages long.

On April 15, 2021, Defendants served responses to Plaintiff's Second Request for Production of Documents. On April 16, 2021, Defendants served responses to Plaintiff's Revised First Set of Interrogatories, Plaintiff's Third Request for Production of Documents and Plaintiff's Fourth Request for Production of Documents. On April 19, 2021, Defendants supplemented their discovery responses with revised responses, including an additional 1,813 documents (over 6,000 pages) and a Privilege Log. Defendants have gone to great lengths to produce all non-privileged documents within their possession and control that they believe to be relevant and responsive.

## II. PLAINTIFF IS NOT ENTITLED TO ANY ADDITIONAL DISCOVERY.

In her Amended Complaint, Plaintiff asserts causes of action for (1) alleged violations of 31 U.S.C. § 3730(h) (the "Federal False Claims Act"); (2) alleged violations of New York Finance Law §§ 187, et seq. (the "State False Claims Act"); (3) alleged violations of New York Labor Law § 741; (4) breach of contract; (5) promissory estoppel; (7) defamation; and (8) tortious interference with prospective business relationships. Plaintiff is only entitled to discovery that is relevant to these claims or Defendants' defenses to them, and that is proportional to the needs of her case. *See* Federal Rule of Civil Procedure Rule 26(b)(1).

In the April 13 Letter, Plaintiff contends she is entitled to virtually all trauma patient records, including but not limited to, patient medical records and bills. This information is not likely to lead to the discovery of admissible evidence. Plaintiff's retaliation claims do not require proof of an underlying fraud claim. Moreover, Plaintiff's requests are outrageously broad, and

production of the requested documents would be unduly burdensome. By way of example, throughout Plaintiff's five-month employment she treated approximately five to twenty patients per day. Thus, even if the Court limited Plaintiff's requests to Plaintiff's patient records, assuming she treated an average of ten patients per day, Defendants would be required to review and/or produce approximately 1,250 complete patient records each containing hundreds of pages of clinical data (easily over 100,000 pages). Defendants produced records related to the quality management cases that resulted in the hospital requesting that Plaintiff remediate for a period of time. No other patient records are relevant. During her deposition, Plaintiff could not identify an actual bill that she believes was improperly submitted to a government entity or a patient that she believes was treated improperly. The Court should not permit Plaintiff to engage in a fishing expedition.

Plaintiff also contends that she is entitled to very broad categories of documents related to other physicians, including, but not limited to documents related to any terminations, resignations, investigations, restrictions, requests for recommendations and other lawsuits. She also contends that she is entitled to broad discovery concerning government and internal fraud investigations. Information regarding other physicians, lawsuits and investigations is not relevant because Plaintiff has not asserted any disparate treatment claims. In addition, there is no evidence that Defendants engaged in a pattern or practice of retaliation. They have also not been subjects of any government fraud investigations. Requiring Defendants to produce broad categories of documents related to other physicians would be unduly burdensome because Defendants employ hundreds of physicians. Notably, Defendants produced documents regarding another trauma surgeon who was restricted from performing independent surgeries while he received additional

training, the same option given to Plaintiff prior to her resignation. Documents related to other physicians are not relevant.

Plaintiff also contends that Defendants have not produced all relevant documents pertaining to Plaintiff and to ORMC bylaws. This is not true. Defendants produced all relevant documents pertaining to Plaintiff including over 6000 pages of electronically stored information. Defendants also produced ORMC's bylaws.

* * * * *

For these reasons, Defendants request that the Court deny Plaintiff's request for a pre-motion conference.

Respectfully submitted,

Joseph A. Saccomano, Jr.
(914) 872-6903
Joseph.Saccomano@jacksonlewis.com

Arin M. Liebman
(914) 872-6915
Arin.Liebman@jacksonlewis.com
Jackson Lewis P.C.

cc: Pro Se Plaintiff (via ECF and e-mail)
Courtesy Copy (via e-mail: HalpernNYSDChambers@nysd.uscourts.gov)