> This Court's Individual Rules do not contemplate, and Plaintiff did not have leave to file, a reply in further support of her request for a pre-motion conference.
>
> As noted on the record during today's conference, the requests contained herein are DENIED. The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 86.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         April 20, 2021

April 19, 2021

...cal Center et al, Case #: 7:20-cv-00556(PMH)
...rence for Motion to Compel Discovery

Dear Judge Halpern:

Pursuant to Rule 2.C, and 4.D of Your Honor's Individual Practices for Civil Cases, and Local Civil Rule 37.2, I write as the Plaintiff to respectfully submit this request for a pre-motion conference to address the defendants failure to meet their discovery obligations. As represented, in *Exhibit* A, I have met and conferred in a good-faith attempt to resolve the parties' disputes but the issues remain unresolved. First defendants refuse to produce highly relevant documents (or to state that such documents do not exist) responsive to the majority of Plaintiffs' requests. Second, failed to answer relevant interrogatories, and gave incomplete wholly inadequate answers to those answered. Defendants objected to many documents requested & interrogatory response, that *are not privileged,* by asserting a number of privileges & failed to produce a privilege log until *April 19, 2021*, after responses had been served. Plaintiff respectfully requests that the Court issue an order compelling Defendants to produce all responsive documents, and provide complete answers to *all* the interrogatories responses. **Background:** Defendants were served with Plaintiffs Second, Third and Fourth Requests for Production of Documents ("RFP") on March 15-17, 2021, & on March 15, 2021 with Plaintiffs' Revised First Set Of Contention Interrogatories to Defendants (see Ex. B-E) as per Your Honor's order of December 21, 2020.

1

Hon. Philip M. Halpern
April 19, 2021

On April 14 -15, 2021, defendants served responses to the Second, Third and Fourth RFP, refusing to produce these highly relevant documents. They refused responses to Interrogatories, (see Ex. F-I), revised/refused again on April 16, 2021, (see Ex. J). Plaintiff served defendants deficiency letters on April 14, 16, 19, 2021, (see Ex. K-N).

**I. Defendants Improperly *Refuse* to Produce All Relevant Responsive Documents in their Possession, Custody, Control & *Refuse* to Respond to All Relevant Interrogatories:** *All* RFP & interrogatories are directly *relevant* to specific allegations in the Amended Complaint ("AC"), Plaintiffs' claims, & what plaintiff experienced at Orange Regional Medical Center ("ORMC").

**II. Defendants Violated FRCP; Rules 1, 26 (b)(1) &(b)(5), 33, 34, and Local Rules 26.2 and 33.3 (c).** Defendants have delayed production by not producing required documents by objection. FRCP 26 allows a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" whether or not evidence is admissible. A party claiming privilege must provide a privilege log with sufficient information to allow such a claim to be assessed; FRCP 26(b)(5). LCvR 26.2(b) demands that a privilege log "*shall be* furnished in writing *at the time of such response to discovery*.."(emphasis added). Failure to provide a privilege log justifies a waiver of privilege. Documents being claimed privileged by defendants are not privileged. Defendants refused to answer the interrogatories and did not fully answer the others, & did not object with specificity as FRCP 33(b)(2-4) requires. Defendants boiler plate, vague *objections* lack any specificity as Rules 33&34 require, are misleading as they they imply documents have already been produced when they have not. Each of the defendants objections are baseless and without merit. A party resisting discovery bears the burden of substantiating their objections, & the objecting party bears the burden of convincing the Court otherwise. Defendants have failed to meet their burden & their objections should be overruled.

2

**III. Requests For Production ("RFP"); Categories of Documents Refused &Objections For Second, Third and Fourth RPP. i) Documents Concerning Patient Medical Records, Bills and Improper Patient Care:** Plaintiff propounded RFP No's: 1, 2, 3, 4, 9, 10, 11, 14, & 25 pertaining to patient records inclusive of general surgery admissions/readmissions in global surgery period, Surgical critical care/ICU, inclusive of Dr. Siddiqui's records where: CPT. Codes 99291&99292 were used, patients discharged after 2 night stay and 3-day stay, & corresponding bills submitted to Medicare/Medicaid. Documents relating to bonus compensation of physicians, policies/procedure- coding and billing, relevant to admission/readmission of general surgery patients to hospitalist service, discharge to skilled nursing facilities. Objections are that requests are overbroad, ambiguous, unduly burdensome, vague, already produced, not relevant to claims, seeks information re: patients/physicians who have no relationship to case, seeks confidential information. RFP are directly relevant to Plaintiffs' claims. These documents exist & production is being refused and are relevant to prove False Claims Retaliation Claim ("FCA"). Proof of *the underlying fraud scheme and breadth of the fraud* is essential to all of the Plaintiff's & FCA retaliation claims, because to prove plaintiff was engaged in protected activity plaintiff must show she had a good faith & reasonable basis for believing defendants participated in a fraud scheme and is relevant to the defendants motive to retaliate. Documents will show involvement in whistleblowing are relevant, "the Dilback Court permitted discovery relating to the alleged underlying fraud in order to attempt to prove the defendant's motive to retaliate...Thus, the Court held that if the plaintiff could demonstrate that the documents "reveal the existence of false claims on the part of the Defendant, then [sic] such evidence may be probative of the Defendant's motivation." The Court agrees with the Dilback court's rationale. *United States ex rel. Rubar v. Hayner Hoyt Corp.*, 5:14-CV-830 (GLS/CFH), at *21-22 (N.D.N.Y. Sep. 18, 2018).

3

Hon. Philip M. Halpern
April 19, 2021

**ii). Documents Pertaining to ORMC 4 day Rule:** RFP pertain to Nos. 5, 6, 24, i.e. discharging all patients by 4th day of hospitalization, including the creation of this policy, and emails relating to it, and goal stays of 24-hours. Objections were requests are overbroad, vague, burdensome, irrelevant and already produced. RFP are relevant to claims & Plaintiff was instructed by ORMC to discharge patients by the 4th day of hospitalization. Documents exist, and defendants are refusing to produce them. **iii). The Defendants Improperly Refuse to Produce Relevant Documents Concerning Complaints of Billing Practices, Government & Internal Fraud Investigations:** RFP Nos. 7, 8, 26, 27, 30, 46, 47, 52, 53, 61 pertain to investigations of fraud & objections RFP are vague, lack precision to permit a response, not relevant, sought privileged information, overbroad. RFP are highly relevant to plaintiff claims, and defendants have a habitual practice of Fraud on the Government, *United States of America v. Catskill Regional Medical Center*, # No: 1:00-cv-07906-KMW, pertains to No 53. Documents exist and are being refused by defendants. "the investigations into Wellcare by various government agencies only serve to bolster the inference of scienter.. Courts hold that pending government, investigations are relevant and provide notice of a possible fraud. *Rosky ex rel.Wellcare health Plans Inc. v.Farha*, 2009, WL 3853592 * 7 (m.d Fla. Mar. 30 2009). **iv)Documents pertaining to Plaintiff** RFP No's: 13, 16, 17, 18, 23, 31-35, 41, 42, 44, 48, 49, 50, 51, 55-66, 67-72, pertain to the 3 cases related to the restriction of plaintiff, termination, investigations, documents received from and sent to prospective employers. Defendants object that RFP are overbroad and claim they have already been produced. RFP directly relate to Plaintiffs' claims, are not overbroad, exist & are being refused. **v)Documents Relating to Other Physicians/Employees:** RFP Nos.15, 19-22, 36-40, 43, 45, 54, pertaining to their termination, restriction and documents sent to prospective employers. Objections: RFP are not relevant, vague, broad. RFP directly relate to plaintiffs'

4

claims as there is a pattern of breaches of contract of other employees/physicians &similar retaliatory practices undertaken by ORMC. Documents exist and are being refused.

**IV) Interrogatory Responses; Refused, Objections and Incomplete Responses.** Plaintiffs' interrogatories seek underlying facts & factual basis and directly relate to Plaintiffs' claims. Defendants have *refused to respond* to Interrogatories No's: 4, 7, 10, 11, 17, 21, 22, 23 & 24 and have refused to *fully* answer No's: 1, 2, 3, 5, 6, 8, 9, 12, 14, 15, 18, 19, 20, 25 and have provided no meaningful response. No. 14 response "none" and Nos.15 &16 are wholly inadequate, with defendants stating "defendants do not have a 4 day Rule", when their Bates No. 000321 states Length of Stay Goal is 4 days, i.e. in other words the 4 day rule. Objections are <u>without merit</u> and are that interrogatories are vague, broad, lack precision, irrelevant, seek information beyond what is permissible by Local Civil Rule 33.3 and FRCP 33, burdensome, & assumes as true facts are not established. "Rather, a party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive.' " *Lindsey*, 2017 WL 4157362, at *3(quoting *Fort Worth Employees'Retirement Fund v. JP. Morgan Chase & Co.,* 297 F.R.D. 99, 102-03 (S.D.N.Y. 2013)). <u>N. Shore- Long Island Jewish Health Sys.,Inc. v. MultiPlan, Inc.</u>, 325 F.R.D. 36, 48 (E.D.N.Y. 2018). Taken as a whole, defendants discovery responses demonstrate a complete unwillingness to participate in discovery in this matter and this is the same behavior they *displayed* with the first set of requests for production. For these forgoing reasons Plaintiff respectfully requests the Court to order the defendants to produce all responsive documents and to fully answer all interrogatories.

                                                  Respectfully Submitted,

Attachments Ex. A-N                                     Tahira F. Mirza, M.D.
                                                              <u>/s/Tahira F. Mirza,</u> Plaintiff Pro-se